UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGEL RANDOLPH                                                         CIVIL ACTION

VERSUS                                                                         16-825-SDD-RLB

OSC-MANAGEMENT, INC.

### RULING

This matter is before the Court on the *Motion to Reset Hearing for Temporary Restraining Order/Preliminary Injunction*[1] filed by Plaintiff, Angel Randolph ("Plaintiff"), against Defendant, OSC-Management, Inc. ("OSC"). The Court will treat this as a renewed motion for a Temporary Restraining Order ("TRO").[2] For the following reasons, this motion is DENIED.

### I.  FACTUAL BACKGROUND[3]

Plaintiff is a thirty-three year old resident of the Jefferson South apartment complex, a building owned and operated by OSC. Plaintiff has lived at Jefferson South since 2013. Plaintiff has a developmental disorder and other mental health issues and receives assistance from multiple federal and state programs including the Social Security Disability benefits program ("SSD"), the Rural Development Rental Assistance Program ("RDRAP"), and the New Opportunity Waiver program ("NOW"). Plaintiff's sole source of income is her SSD payment, and she is assisted by healthcare attendants on a daily basis.

---

[1] Rec. Doc. 17.
[2] Rec. Doc. 4.
[3] The Court bases the factual background on Rec. Docs. 1, 4-1, 17-1.
36574

Plaintiff receives rental assistance benefits through the RDRAP program. Plaintiff is required to complete and provide documentation in order to maintain her assistance under the RDRAP program. Plaintiff claims that, on February 26, 2016, she submitted her documentation for recertification under the RDRAP program. Plaintiff was contacted on February 29, 2016 by an employee of OSC requesting that Plaintiff provide pay stubs and checking information. Plaintiff claims she provided the information with the documents on February 26, 2016 and, on February 29, 2016, she resubmitted these documents to an employee of OSC.

On March 1, 2016, an employee of OSC left a note for Plaintiff stating that OSC had "completed a recertification of [plaintiff's income] effective 3-1-16 and your rate has changed. Please come in to sign all paperwork."[4] Plaintiff claims that, beginning on March 1, 2016, she, her parents, and her healthcare workers made "daily trips to the office and left phone messages in an attempt to obtain the paperwork for Ms. Randolph to sign"[5] - to no avail. Plaintiff's father received a call from an employee of OSC on March 16, 2016 informing him that Plaintiff's lease had been terminated because Plaintiff had not signed the required paperwork. The following day, Plaintiff's father "retrieved from the Post Office a certified letter to [plaintiff] which contained a notice of 'Non-renewal of Lease for Good Cause,' which was also dated on March 1st."[6]

The Notice for Non-renewal of Lease contained the following as reasons for good cause termination: "non-compliance with the recertification process, failure to comply with monthly inspections, late payment of rent, failure to comply with signing of paperwork

---

[4] Rec. Doc. 1.
[5] *Id.*
[6] *Id.*
36574

when needed; parking issues, and failure to report income changes."[7] Plaintiff also states that, "in the aforementioned certified letter, or in a separate certified letter also dated March 1st, was a Termination Notice which stated the grounds for termination as failure to comply with recertification process."[8] Plaintiff's father, on her behalf, tried to arrange a meeting in accordance with the notice in the letter from March 1st, by sending a letter within 10 days of receipt with both OSC and the United States Department of Agriculture ("USDA") - the administrative agency in charge of the RDRAP program.

Plaintiff alleges she was not granted an informal meeting with OSC and, on April 1, 2016, OSC began eviction proceedings, *Jefferson South Apartments v. Angel Randolph*, Case No. 48,721, in the Justice of the Peace Court. Plaintiff claims that this proceeding was in violation of 7 C.F.R. 2560.160 which provided her an administrative hearing prior to eviction. At the hearing, before the Justice of the Peace, an OSC employee testified that Plaintiff had not completed the necessary paperwork to receive benefits under the USDA program. In the hearing, the Justice of the Peace suggested that Plaintiff sign the paperwork during the proceedings; however, the OSC employee refused. The Justice of the Peace ruled in favor of Plaintiff and dismissed OSC's eviction suit.

Thereafter, an attorney for OSC contacted Plaintiff's attorney offering to provide a "reasonable hearing" relating to the non-renewal of Plaintiff's lease.[9] On May 5, 2016, Plaintiff's attorney informed OSC's attorney as "[he] [saw] no need for the hearing you propose since all of the issues presented by Ms. McCulloch on behalf of your client were

---

[7] *Id.*
[8] *Id.* (internal citations omitted).
[9] *Id.*
36574

rejected by the Justice of the Peace in the eviction proceeding filed by your client."[10]  In April of 2016, OSC stopped accepting Plaintiff's rental payments and proceeded with the eviction.  On April 30, 2016, Plaintiff's father left a note with OSC indicating that Plaintiff's air conditioner unit needed replacing.  On August 1, 2016, the air conditioner repairman left a note for Plaintiff indicating that the air conditioner unit needed to be replaced.

On August 1, a "Lease Violation" was placed on Plaintiff's door.  The notice stated that, on June 20, 2016, Plaintiff had caused damage to the unit by stopping up the shower causing OSC damage in the amount of $210.  Plaintiff claims that, several months prior to June 20, 2016, Plaintiff and her next door neighbor were required to vacate their apartment in order for a plumbing company to break through the floors "to access the building's sewer and to make substantial repairs to the system."[11]  On August 5, 2016, Plaintiff's father sent a letter to OSC requesting an informal meeting about the delay in making repairs to Plaintiff's air conditioner unit.  The letter was returned refused by OSC.

Plaintiff claims that OSC's continued refusal to accept her rent and "holding the possibility of eviction over her head indefinitely…exacerbated [Plaintiff's] mental condition…requir[ing] her to be hospitalized in a mental health hospital for ten days...".[12]  On August 24, 2016, Plaintiff was served with a "Notice to Vacate" with the same allegations as the prior eviction proceeding before the Justice of the Peace on April 8, 2016 and the additional allegation of the damage to the shower.  Plaintiff's father again attempted to schedule an informal meeting but was refused.

---

[10] Rec. Doc. 17-2.
[11] Rec. Doc. 1.
[12] *Id.*
36574

In the second hearing before the Justice of the Peace, the justice found in favor of OSC and ordered Plaintiff's eviction.  Plaintiff filed a suspensive appeal of the Justice of the Peace's judgment on September 9, 2016, and Defendant moved to dismiss the suspensive appeal and immediately evict Plaintiff. On December 5, 2016, the 19th Judicial District Court for East Baton Rouge Parish ruled in favor of OSC upholding the Justice of the Peace's ruling granting OSC's petition to evict Plaintiff.

On December 7, 2016, Plaintiff filed a *Complaint for Injunctive Relief*[13] against OSC.  Plaintiff filed a *Motion for a Temporary Restraining Order Pursuant to Federal Rule 65(a)*[14] against OSC on December 15, 2016.  On December 20, 2016, the Court conducted a telephone status conference with both parties wherein both parties agreed that Plaintiff's Motion for Temporary Restraining Order was moot "per agreement of the parties."[15]  On January 19, 2017, the Court conducted another telephone status conference in which "the parties were advise[d] that based on the record in this matter, there is no emergency situation and/or any <u>disputed</u> injury that could not later be solved with monetary damages."[16]  Accordingly, the Court cancelled the Preliminary Injunction hearing and referred the matter to the United States Magistrate Judge for further proceedings.[17]  On February 16, 2017, Plaintiff filed a new motion to reset the TRO in light of the order to vacate her apartment by February 17, 2017, which she was informed of on February 1, 2017.

Plaintiff seeks the following in her TRO:

---

[13] Rec. Doc. 1.
[14] Rec. Doc. 4.
[15] Rec. Doc. 8.
[16] Rec. Doc. 13 (emphasis added).
[17] *Id.*
36574

> Declaratory judgment that the defendant's failure to recertify her benefits and its refusal to renew her lease violate the Rural Development Act, the Fourteenth Amendment and 42 U.S.C. § 1983; [*sic*] plaintiff seeks a temporary restraining order and a preliminary injunction, enjoining the defendant from terminating her rental assistance benefits and her tenancy at their apartment complex and directing defendants to renew the lease for her apartments.[18]

## II.  LAW AND ANALYSIS

### A.  State Court Eviction Judgment

"Federal courts are courts of limited jurisdiction…they possess only that power authorized by Constitution and statue, which is not to be expanded by judicial decree."[19] Therefore, "a federal court must raise the issue [of jurisdiction] because it is forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and no action of the parties can confer subject-matter jurisdiction upon a federal court."[20] Accordingly, the Court must examine whether it has jurisdiction in the present case.

Before the Court is Plaintiff's motion for a TRO and preliminary injunction based upon a final judgment from the 19th Judicial District Court of which Plaintiff is seeking to bar enforcement.[21]  The United States Supreme Court in *Rooker v. Fidelity Trust Company* held that only the Supreme Court could "entertain a proceeding to reverse or modify the judgment" of a state court proceeding.[22]  The Supreme Court in *District of Columbia Court of Appeals v. Feldman* stated:

> [District Courts] do not have jurisdiction, however, over challenges to state court decisions in particular cases arising

---

[18] Rec. Doc. 17-1.
[19] *Hinojosa v. U.S. Atty. Gen.*, 759 F. Supp.2d 53, 54 (D. D.C. 2011) quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).
[20] *Id.* quoting *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 1982) (internal quotations omitted).
[21] Rec. Doc. 17.
[22] 263 U.S. 413, 416, 44 S. Ct. 149, 68 L.Ed. 362 (1923).
36574

>out of judicial proceedings even those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.[23]

Most recently, the Supreme Court in *ExxonMobil Corporation v. Saudi Basic Industries Corporation* held: "The Rooker-Feldman doctrine…is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[24]  Here, Plaintiff's eviction challenge is the type of claim the Supreme Court has consistently and explicitly held may not be heard in federal district court because federal district courts lack jurisdiction to review a state court judgment.[25]

Plaintiff attempts to argue that the relief sought is not a "specific injunction enjoining the state court action,"[26] but "[*sic*] we only ask the court to enjoin the defendant, the state actor on behalf of the federal government from exercising his right to enforce the state court judgment."[27]  Plaintiff's argument is unpersuasive as the relief sought requires the Court to prohibit OSC from exercising the final judgment of the 19th JDC - the Court would have to reject the judgment of the 19th JDC in direct contravention of United States Supreme Court jurisprudence.[28]

---

[23] 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).
[24] 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).
[25] *See also DiVetro v. Housing Authority of Myrtle Beach*, No. 13-cv-01878, 2014 WL 3385163 at *3-4 (D. S.C. July 10, 2014).  *DiVetro* involves similar facts and allegations as present in this case, and the *DiVetro* court also denied plaintiff's claim to overturn the state court eviction proceeding.
[26] Rec. Doc. 17.
[27] *Id.*
[28] *ExxonMobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).
36574

Accordingly, because Plaintiff asks the Court to prevent the enforcement of the judgment of the Justice of the Peace and the 19th Judicial District Court for the Parish of East Baton Rouge in direct contravention of the long established *Rooker-Feldman* doctrine, Plaintiff's petition for the Court to halt the enforcement of the judgment of the state court is DENIED as this Court lacks jurisdiction to grant such relief.

### B. Plaintiff's TRO Claim

Federal Rule of Civil Procedure 65(b) states:

> **(1)** *Issuing Without Notice.* The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[29]

Given the application of the *Rooker-Feldman* doctrine to the present case, the only issue properly before the Court is whether OSC violated Plaintiff's Fourteenth Amendment right to due process prior to the alleged termination of her benefits under the RDRAP program. Indeed, Plaintiff concedes: "the sole issue presented in this matter is whether plaintiff has been recertified to receive benefits; and, whether defendant has violated her right to procedural due process by the relevant provisions of 7 CFR 3560.159 and 7 CFR 3560.208(d)."[30]

---

[29] Fed. R. Civ. P. 65(b).
[30] Rec. Doc. 17.
36574

A party requesting a TRO "must 'clearly' show four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause the adverse party; and (4) the injunction will not adversely affect the public interest."[31]  Plaintiff must satisfy all of the above enumerated requirements for the Court to grant a TRO.

Plaintiff must first demonstrate that there is a substantial likelihood that she will succeed on the merits of her case against OSC. Again, the only issue before the Court is whether OSC failed to properly follow the procedures contained in 7 C.F.R. §§ 3560.159 and 7 CFR 3560.208(d),[32] which allegedly resulted in a violation of Plaintiff's Fourteenth Amendment right to continued benefits under the RDRAP program.  Based upon a review of the allegations in the motion and the record, the Court is not persuaded at this time that Plaintiff is *substantially likely* to prevail.  For example, Plaintiff does not assert that her Fourteenth Amendment right to continual receipt of benefits under the RDRAP plan was actually terminated, but that her eviction will have this ultimate effect.  As Plaintiff has admitted in a previous motion, participation in the RDRAP program does not automatically result in Plaintiff remaining in the Jefferson South complex.[33]  *Vice versa*, Plaintiff's eviction is not the equivalent of barring her participation in the RDRAP program.

Similarly, it is not apparent that OSC's attempt to arrange an informal hearing following the Justice of the Peace ruling in April of 2016 was in violation of the relevant

---

[31] *Daniel v. Allstate Ins. Co.*, No. 12-2933, 2012 WL 6738765, at *4 (E.D. La. Dec. 31, 2012), quoting *RW Development, LLC v. Cunningham Grp. Architecture, Inc.,* No. 12-00224, 2012 WL 3258782, at *2 (S.D. Miss. Aug. 8, 2012).
[32] Rec. Doc. 17.
[33] *Id.*

36574

statutory provisions, as the USDA letter dated May 23, 2016 addressed to OSC's attorney states: "it appears all procedural requirements have been met concerning Ms. Randolph's tenure at Jefferson South Apartments and pursuant to Louisiana State Law governing this matter."[34]  Plaintiff's attorney argues that the USDA letter "was obviously solicited by defendant's attorney in an attempt to obtain some legal authority to suggest that the purported due process hearing he conducted on May 6, 2016 conform[s] to the administrative hearing requirements under 7 CFR 3560.159,160."[35]  That OSC may have solicited this letter is immaterial and does not undermine the substance of the letter – the conclusion that OSC complied with the relevant federal regulations.

Accordingly, because there are unresolved issues that raise substantial questions as to the success of Plaintiff's claims on the merits, the extraordinary remedy of a TRO is not warranted.  Although the loss of one's benefits under a federal program may constitute irreparable harm in the form of a violation of one's property interest protected by the Fourteenth Amendment,[36] in the absence of showing of a substantial likelihood of success on the merits, Plaintiff is unable to meet all of the four requirements to obtain a TRO.[37]  As the Supreme Court stated in *Winter v. Natural Resources Defense Council, Inc.*, "a preliminary injunction is an extraordinary remedy never awarded as of right."[38]  As a specialized subset of preliminary injunctions, with an explicit four part test, a TRO is an extraordinary remedy with additional requirements that must be met in order for the Court

---

[34] Rec. Doc. 12-1, p. 31.
[35] Rec. Doc. 17-1.
[36] *Ridgley v. Federal Emergency Management Agency*, 512 F. 727, 735 (5th Cir. 2008).
[37] *See Daniel v. Allstate Ins. Co.*, No. 12-2933, 2012 WL 6738765, at *4 (E.D. La. Dec. 31, 2012), quoting *RW Development, LLC v. Cunningham Grp. Architecture, Inc.,* No. 12-00224, 2012 WL 3258782, at *2 (S.D. Miss. Aug. 8, 2012).
[38] 129 S.Ct. 365 at 367.
36574

to grant Plaintiff's TRO motion. After reviewing the motion and the record, the Court concludes that, on the current record, Plaintiff has not met her burden of establishing a substantial likelihood of success on the merits, as serious questions regarding the merits of Plaintiff's claim exist. Additionally, the Court is unpersuaded of the emergency nature of Plaintiff's motion considering that Plaintiff alleges a violation of RDRAP policies in April of 2016, because the Plaintiff had notice of eviction ten days ago,[39] and because the Plaintiff's father is prepared to house her while this matter is litigated.[40]

Accordingly, Plaintiff's *Motion*[41] for a TRO is DENIED.

### III.  CONCLUSION

For the above stated reasons, Plaintiff's *Motion to Reset Hearing on Plaintiff's Motion for Temporary Restraining Order*[42] is DENIED, and the *Motion for Temporary Restraining Order*[43] is also DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 17, 2017</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[39] Rec. Doc. 17.
[40] Rec. Doc. 12-1, p. 19.
[41] Rec. Doc. 17.
[42] *Id.*
[43] Rec. Doc. 4.
36574